2026 Tex. Bus. 48



The Business Court of Texas,
1st Division

| | | |
|---|---|---|
| CWK MANAGEMENT, INC., for itself and derivatively on behalf of CWKCWE MANAGEMENT, LLC; and VINCENT CARFORA, *Plaintiffs* <br><br> v. <br><br> DENO MAGGI; TERRALL HILL; BILL POLAND; TEXAS EXPRESS WASH, LLC; TEXAS WASH HOLDINGS, LLC; BWE II, LLC; CLEARWATER EXPRESS WASH, LLC; and CWE PARTNERS, LLC, *Defendants* | § § § § § § § § § § § § § § § § | Cause No. 26-BC01B-0025 |

## ORDER GRANTING SPECIAL APPEARANCE AND MEMORANDUM OPINION

[¶ 1]  This opinion concerns whether specific jurisdiction exists over BWE's nonresident shareholder where plaintiffs do not seek to pierce the corporate veil nor allege that the shareholder personally engaged in any acts in Texas that form the operative acts that will be the focus at trial.  For the

reasons discussed below, the court concludes that plaintiffs failed to establish the court's personal jurisdiction over that shareholder.

## I. BACKGROUND

[¶ 2]  This case is about a 2025 sale of BWE's car wash businesses for an allegedly insufficient price to entities principally owned by Defendants Maggi and Hill in an alleged violation of CWKCWE's Limited Liability Company Agreement (LLCA).

[¶ 3]  Before the court is Bill Poland's May 1, 2026, Verified Special Appearance (Motion), plaintiffs' response, and Poland's reply.  Having considered the pleadings, the applicable law, and the parties' briefing, submissions, and July 16, 2026, oral arguments, the court concludes that the Motion should be granted.

[¶ 4]  Plaintiffs assert only specific personal jurisdiction over Poland.[1] Specific jurisdiction requires that "(1) the defendant purposefully avails itself of conducting activities in the forum state, and (2) the cause of action arises from or is related to those contacts or activities."  *Retamco Operating, Inc. v. Republic Drilling Co.*, 278 S.W.3d 333, 338 (Tex. 2009).  For the cause of

---

[1] Plaintiffs' June 26, 2026, Response in Opposition to Poland's Special Appearance at 8.

action to "arise from or [] relate[] to" defendant's activities in the forum "there must be a substantial connection between those contacts and the operative facts of the litigation." *Moki Mac River Expeditions v. Drugg*, 221 S.W.3d 569, 585 (Tex. 2007). A case's "operative facts" are those that "will be the focus of the trial" and "will consume most if not all of the litigation's attention." *Id.*

[¶ 5] Plaintiffs' Original Petition (POP) asserts these relevant jurisdictional allegations against Poland:[2]

- "In 2025, Maggi, Hill, Poland, and entities they own and control conspired to deprive CWK of its interest in the upside of this strategic alliance. Specifically, BWE II sold its successful and growing car wash business, for a price substantially below its value, to a new entity, Texas Express Wash, LLC ("NewCo"), indirectly owned principally by Maggi and Hill through Texas Wash Holdings, LLC ("HoldCo"), with BWE II having a minority stake. Through this transaction, Maggi, Hill, Poland, and their entities effectively cut CWKCWE (and thus CWK) out of the upside it held in BWE II's car wash businesses."[3]

- "One or more of Defendants Maggi and Hill's breaches of contract with Plaintiff CWK and breaches of fiduciary duties occurred in part or wholly in Texas, as did Defendants BWE II and Poland's willful and intentional interference with CWK's contract rights and knowing

---

[2] Defining the jurisdictional allegations asserted in plaintiffs' pleading is important because the court considers only evidence proffered in response to the special appearance that supports or undermines the pleadings' allegations. *Kelly v. Gen. Interior Const., Inc.*, 301 S.W.3d 653, 658 n.4 (Tex. 2010)).

[3] POP at 2.

and intentional participation in Defendants Maggi and Hill's breaches of their fiduciary duties."[4]

- Defendant Poland, individually and as the primary manager of BWE II, which is doing business in Texas, engaged in conduct at issue in this case in Texas, and thus is subject to the Court's jurisdiction."[5]

- "Maggi, Hill, and Poland concocted a deal whereby BWE II would 'sell' its business for a price $115,000,000 below the agreed BWE II valuation to a new entity to be owned directly or indirectly by Poland, Maggi, Hill, and related entities."[6]

- "In October 2025, Maggi and Hill, working with Poland and BWE II, orchestrated an Asset Purchase and Contribution Agreement under which, in November 2025, NewCo acquired BWE, II's car wash business and related assets and BWE II became a member of NewCo."[7]

- "[A]s counsel for Poland and BWE II stated in a letter dated October 10,2025, Poland and BWE rejected the original transaction with its higher valuation because that '*results in less rolled equity in Newco for BWE, and more for CWKCWE* (emphasis in original). Thus, Poland and BWE II worked with Maggi, Hill, and their companies CWE, Texas, NewCo, and HoldCo, to reduce the benefit to CWKCWE (the entity jointly owned by CWK and a Maggi/Hill entity) so that more could go to Poland and BWE-and admitted that was their intent."[8]

[¶ 6]  The court considered all allegations raised in plaintiffs' pleading and concludes that only those listed above are relevant to the court's analysis.

---

[4] POP ¶ 13.
[5] POP ¶ 13.
[6] POP ¶ 27.
[7] POP ¶ 32; *see also id.* ¶s 43, 54.
[8] POP ¶ 37.

## II. DISCUSSION

[¶ 7]  This case concerns the 2025 sale of BWE's car wash businesses to entities principally owned by Maggi and Hill for an allegedly insufficient price.  Plaintiffs claim that sale violated § 3.5(b) of CWKCWE's LLCA.  Therefore, the focus of the trial will not be on (i) BWE's day-to-day operations prior to the disputed transaction or (ii) BWE hiring CWKCWE to manage its car wash businesses in 2023.  While the terms of the CWKCWE LLCA may be relevant to the ultimate trial, facts surrounding its signing will not be.  *See Elliott–Williams Co. v. Diaz*, 9 S.W.3d 801, 803 (Tex. 1999) (contract construction is a matter of law).

[¶ 8]  The court concludes that allegations that Poland (with others) "concocted" or "orchestrated" the disputed transaction are (i) impermissible "group pleading" and (ii) conclusory; and thus they are insufficient to carry plaintiffs' burden.  *See Morris v. Kohls-York*, 164 S.W.3d 686, 693 (Tex. App.—3rd Dist. 2005, pet. dism'd) ("When [] there are multiple defendants, we must test each defendant's actions and contacts with the forum separately."); *PermiaCare v. L.R.H.*, 600 S.W.3d 431, 444 (Tex. App.—8th Dist. 2020, no pet.) ("[C]onclusory allegations in a pleading are insufficient to meet a plaintiff's burden of establishing jurisdiction[.]").

[¶ 9]   Poland is alleged to have been BWE's manager.[9]  And he testified without contradiction that his dealings with plaintiffs were solely as BWE's manager.[10]  Plaintiffs do not allege that Poland committed a tortious act in whole or in part in Texas that would support personal—meaning direct— liability against him such as making a fraudulent statement, breaching a personal duty, stealing a trade secret, committing a trespass, or converting an asset.

[¶ 10]   Instead, they seek to impute another person's (BWE's) conduct to him, which is improper.  *See Moki Mac*, 221 S.W.3d at 575 ("[O]nly the defendant's contacts with the forum are relevant, not the unilateral activity of another party or a third person."); *see also Nikolai v. Strate*, 922 S.W.2d 229, 240 (Tex. App.—2nd Dist. 1996, writ denied) ("Texas law is clear that a business's contacts may not be imputed to its personnel to establish personal jurisdiction over them.").

[¶ 11]   BWE entered into the disputed transaction, not Poland.  "When an agent negotiates a contract for its principal in Texas, it is the principal who does business in the state not the agent."  *Atiq. v. CoTechno Grp., Inc.*, No. 03-

---

[9] POP ¶ 13.
[10] Motion, Ex. A (Poland Declaration), ¶ 13.

13-00762, 2015 WL 6871219, at *5 (Tex. App.—3d Dist. Nov. 4, 2015, pet. denied) (mem. op.) (quoting *Mort Kenshin & Co. v. Houston Chronicle Publ'g Co.*, 992 S.W.2d 642, 647 (Tex. App.—14th Dist. 1999, no pet.)).

[¶ 12]   And a defendant may structure its transactions in such a way as "neither to profit from the forum's laws nor subject itself to jurisdiction" there, which we have termed "purposeful[ ] avoid[ance]." *Searcy v. Parex Res., Inc.*, 496 S.W.3d 58, 68 (Tex. 2016).   Accordingly, without piercing the corporate veil, allegations against BWE cannot be imputed to Poland.  *See PHC-Minden, L.P. v. Kimberly-Clark Corp.*, 235 S.W.3d 163, 172 (Tex. 2007).

[¶ 13] Plaintiffs' response proffered no contrary evidence demonstrating that Poland acted in his personal capacity during negotiations or independently committed any allegedly tortious acts in Texas.  For example, although plaintiffs alleged that "counsel for Poland and BWE II" sent a letter on October 10, 2025, to CWK admitting that "Poland and BWE II worked with Maggi, Hill, and their companies … to reduce the benefit to CWKCWE," the evidence shows that said letter was sent only on behalf of BWE II.[11] Moreover, the letter does not say where those actions occurred.[12]

---

[11] *Compare* POP ¶ 37 *with* Response Appendix at 261.
[12] Response Appendix at 261.

[¶ 14] Accordingly, the court concludes that (i) plaintiffs' pled allegations that Poland "concocted" or "orchestrated" the disputed transaction in his personal capacity are conclusory and (ii) plaintiffs adduced no evidence to support factual allegations that would sustain the court's specific jurisdiction over Poland.[13] Therefore, Poland negated the pled allegations against him by showing that (i) he is a California resident and (ii) his involvement in the disputed transaction was only as BWE's manager.

[¶ 15] Plaintiffs argue that this case is similar to *Cornerstone Healthcare Grp. Holding, Inc. v. Nautic Mgmt. VI, L.P.*, 493 S.W.3d 65 (Tex. 2016) and thus the court should deny the Motion. The court disagrees. There, the specially appearing "Funds" were personally accused of (i) creating Reliant Holding—which had its principal place of business in Texas—and (ii) providing the money to facilitate the challenged transaction. *Id.* at 72-73. Conversely, here, Poland is not alleged to have personal responsibility for any

---

[13] Plaintiffs also point to a 2023 meeting in Texas between Poland, Maggi, Hill, and Carfora to discuss combining BWE's business with Maggi and Hill's business as evidence that Poland travelled to Texas in connection with the disputed transaction. Response at 12-13. But plaintiffs admit that the 2023 discussion concerned "a substantially different transaction." *Id.* at 13. In fact, Poland's testimony was that the meeting concerned "a proposed strategy and a proposed management agreement to accomplish the strategy to increase the efficiencies and management structure" of BWE, not a sale of BWE's car washes. Response Appendix at 50. Moreover, as discussed above, the trial's focus will not be BWE hiring CWKCWE to manage its car wash businesses.

similar aspects of the disputed transaction. He did not form NewCo or HoldCo.[14] And he did not supply the car washes that were part of the deal, BWE did.

[¶ 16] Finally, plaintiffs requested discovery if the court concluded that the record was not sufficient to deny the Motion.[15] However, the court's guidelines require the parties to submit a plan for resolving special appearances, which they did on May 7, 2026. The plan included an opportunity to take discovery. Accordingly, plaintiffs' request is denied.

### III. CONCLUSION

[¶ 17] Therefore, all claims asserted in this action against Bill Poland are dismissed without prejudice.

It is so ORDERED.

_Bill Whitehill_
BILL WHITEHILL
Judge of the Texas Business Court,
First Division

SIGNED: July 21, 2026

---

[14] *See* POP ¶ 32.
[15] Response at 36.

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 117611866
Filing Code Description: No Fee Documents
Filing Description: Order Granting Special Appearance and Memorandum Opinion
Status as of 7/21/2026 11:58 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Trisha Miller | | trisha@mytexasfirm.com | 7/21/2026 11:20:40 AM | SENT |
| M. TaylorLevesque | | taylor.levesque@troutman.com | 7/21/2026 11:20:40 AM | SENT |
| Seth Roberts | | seth.roberts@troutman.com | 7/21/2026 11:20:40 AM | SENT |
| Monica Goff | | mgoff@carterarnett.com | 7/21/2026 11:20:40 AM | SENT |
| Sierra Perruchon | | sperruchon@carterarnett.com | 7/21/2026 11:20:40 AM | SENT |
| Business Court 1B | | BCDivision1B@txcourts.gov | 7/21/2026 11:20:40 AM | SENT |
| Linda R.Stahl | | lstahl@carterarnett.com | 7/21/2026 11:20:40 AM | SENT |
| Ian Browning | | ibrowning@lubinolson.com | 7/21/2026 11:20:40 AM | SENT |
| Ellen Cirangle | | ecirangle@lubinolson.com | 7/21/2026 11:20:40 AM | SENT |
| Tyler E.Thomas | | tthomas@carterarnett.com | 7/21/2026 11:20:40 AM | SENT |
| Kyle H.Dreyer | | kdreyer@mytexasfirm.com | 7/21/2026 11:20:40 AM | SENT |